IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Margaret Fuller, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 7568 |
| CIGPF I Corp., a New York corporation, NCO Financial Systems, Inc., a Pennsylvania corporation, and National Asset Recovery Services, Inc., a Missouri corporation, | ) ) ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Margaret Fuller, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Margaret Fuller ("Fuller"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt for a Visa credit card, which was then allegedly owed to a bad debt buyer, CIGPF I Corp., despite

the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

  4. Defendant, CIGPF I Corp. ("CIGPFI"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CIGPFI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CIGPFI was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

  5. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. NCO operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

  6. Defendant, National Asset Recovery Services, Inc. ("NARS"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. NARS operates a nationwide delinquent debt collection

business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant CIGPFI is a bad debt buyer that acquires portfolios of defaulted consumer debts, which it then collects upon through other collection agencies, such as Defendants NCO and NARS.

8. Defendants are all authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, CIGPFI, NCO and NARS each conduct extensive and substantial business in Illinois.

9. Defendants NCO and NARS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants NCO and NARS act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Fuller is a senior citizen, with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant CIGPFI bought/obtained Ms. Fuller's delinquent Visa credit card debt, and when Defendant CIGPFI began trying to collect the debt from her, by having Defendant NCO send Ms. Fuller a collection letter, dated April 7, 2010, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of the April 7, 2010 collection letter is attached

as Exhibit C.

11. Accordingly, on April 21, 2010, one of Ms. Fuller's attorneys at LASPD informed Defendants CIGPFI, though its collection agent, NCO, that Ms. Fuller was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Fuller was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant CIGPFI through Defendant NCO, had Defendant NARS send Ms. Fuller a collection letter, dated July 7, 2012, which demanded payment of the debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on September 12, 2012, Ms. Fuller's LASPD attorney again sent a letter, directing that Defendants cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

4

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Fuller's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Fuller was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Fuller was represented by counsel, and had directed a cessation of communications with Ms. Fuller. By directly sending a collection letter to Ms. Fuller, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable

for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Margaret Fuller, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fuller, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Margaret Fuller, demands trial by jury.

              Margaret Fuller,

              By: /s/ David J. Philipps
              One of Plaintiff's Attorneys

Dated: September 21, 2012

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6